UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADRIANNE KELLY, *et al.*,

    Plaintiffs,

v.                                          Case No. 4:21-cv-261-WS/MJF

CAPITAL ASSOCIATION
MANAGEMENT LLC, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    This case originated in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, Case No. 2021-CC-00203. (Doc. 1-1 at 9). On June 29, 2021, Plaintiffs, proceeding *pro se*, filed a notice of removal pursuant to 28 U.S.C. § 1441(a). (Doc. 1). Because Section 1441(a) does not authorize Plaintiffs to remove civil actions to federal court, this case should be remanded to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.[1]

---

[1] The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. DISCUSSION

The general removal statute, 28 U.S.C. § 1441, provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

The plain language of the removal statute vests the right of removal exclusively in defendants, *not in plaintiffs*. 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-07 (1941) (holding that Congress intentionally limited the power of removal to "the defendant or defendants" of a particular lawsuit); *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) (holding that under the general removal statute, a plaintiff cannot remove an action from state to federal court); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court . . . ."); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) (same).

Because Section 1441(a) does not authorize Plaintiffs to remove this case to a federal court, this case should be remanded to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. *See Chicago R.I. & P.I. Co. v.*

*Stude*, 346 U.S. 574, 580 (1954); *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595, 597 (5th Cir. 2020); *Cf. Oregon Egg Producers*, 458 F.2d at 383.

## II. CONCLUSION

Because Section 1441(a) does not authorize Plaintiffs to remove civil actions to federal court, the undersigned respectfully **RECOMMENDS** that:

1. This case be **REMANDED** to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

2. The clerk of the court close this case file.

At Pensacola, Florida, this <u>15th</u> day of July, 2021.

                                            /s/ *Michael J. Frank*
                                            **Michael J. Frank**
                                            **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**